MR. JUSTICE GULBRANDSON,
dissenting:
I respectfully dissent to that portion of the majority opinion affirming the order of the trial court granting summary judgment to the plaintiff.
Trial judge found, in his finding of fact No. 11, as follows:
“That since prior to September 1, 1982, and thereafter, the Defendant has not occupied or used the premises so as to be deemed in possession and in fact had abandoned them prior to the Plaintiff’s initial entry.” (Emphasis added.)
The majority has now found that the finding of abandonment was erroneous but that such a finding was not necessary and that the lease itself is “dispositive.”
I disagree with that position on the basis that, if there was no abandonment by the defendant, then there remains a factual dispute as to whether the required notice, under the statute or under the lease, was given by the plaintiff. The majority cites Article 34 of *49 the lease as providing that mailed notice is appropriate. I would agree if the affidavits, admissions or answers to interrogatories showed that the mailed notice was sent by registered mail, as required by Article 34, or if there was proof of actual receipt of legally sufficient notice.
The majority goes on to state: “Thus, LIC, Inc., was entitled, pursuant to its lease with Baltrusch, to terminate that lease and to reenter the premises.” (Emphasis added.) Although the judgment for plaintiff is being affirmed, that statement by the majority will surprise counsel for plaintiff who clearly took the position that the plaintiff was not terminating the lease. During oral argument, counsel for plaintiff stated as follows:
“And the court can see that the plaintiff was not willing to fall into that trap at that time and indicate that these premises were being repossessed. Probably for the fear that we are not talking about a termination of this lease. Article 25 has a couple of different possibilities. One is retake the property, hold it, continue to hold the tenant liable for rent. Another one is to terminate the lease by some action, and cut off the defendant’s requirement or the tenant’s requirement to pay rent. We are certainly not going to fall into that situation and have it alleged that we have terminated the lease.” (Emphasis added.)
In view of plaintiff’s answer to defendant’s interrogatory that the plaintiff “took control of [the premises] on or about September 7, 1982” and the conflicting statements in his affidavits, I would remand for trial on the issue of whether the defendant is liable for rents due after September 7, 1982.